**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ANGEL CLINE, individually and on behalf of decedent, WILLIAM CLINE** | |
| **PLAINTIFF,** | **CIVIL ACTION NO.** |
| **VERSUS** | **JUDGE** |
| **BP PRODUCTS NORTH AMERICA INC., BP AMERICA PRODUCTION COMPANY, ATLANTIC RICHFIELD COMPANY, CHEVRON U.S.A., INC., UNION OIL COMPANY OF CALIFORNIA AND/OR UNION EXPLORATION PARTNERS, LTD., UNOCAL CORPORATION, THE PURE OIL COMPANY, THE PURE OIL OPERATING COMPANY, TEXACO EXPLORATION AND PRODUCTION INC., THE TEXAS COMPANY, TEXACO PRODUCING, INC. GULF OIL CORPORATION, GULF OIL EXPLORATION AND PRODUCTION COMPANY, STANDARD OIL COMPANY, STANDARD OIL COMPANY OF CALIFORNIA, MARATHON OIL COMPANY, DEVON ENERGY PRODUCTION COMPANY, L.P., OXY U.S.A., PLACID OIL COMPANY, AND OFS, INC.** | **MAGISTRATE** |
| **DEFENDANTS** | |

**NOTICE OF REMOVAL**

BP Products North America Inc., BP America Production Company (collectively "BP"), and Atlantic Richfield Company ("Atlantic Richfield") respectfully remove this civil action from the Twenty-Fourth Judicial District Court for the Parish of Jefferson, Louisiana (bearing Civil Action No. 836-747), to the United States District Court for the Eastern District of Louisiana, fully

1

reserving all rights, objections, defenses, and motions in response to this litigation. Pursuant to Local Rule 3.1 of the United States District Court, Eastern District of Louisiana, BP and Atlantic Richfield notify this Court of related actions, involving the same subject matter as this action, previously pending before this Court—*Warren Lester, et al. v. Exxon Mobil Corp., et al.*, No. 2:14-cv-1824 c/w 2:14-cv-1840, Section "L" Division "2") and *Levi Coleman, et al. v. H.C. Price Co., et al.,* No. 11-2937, Section "E" Division "3"). In support of this removal, BP and Atlantic Richfield respectfully state the following:

## I.  <u>INTRODUCTION</u>

1.

Angel Cline ("Plaintiff") filed an action entitled *Angel Cline, individually and on behalf of decedent, William Cline v. BP Products North America, Inc., et al.*, Civil Action No. 836-747, Division "C," in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana, on January 13, 2023.[1] Plaintiff seeks past and future compensatory damages from the named defendants for alleged physical and mental anguish, past medical expenses, mental pain and suffering, loss of companionship, loss of enjoyment of life, loss of income, and loss of wages due to allegedly unsafe levels of "radiation exposure caused by defendants' conduct."[2]

2.

The Petition for Damages names twenty-one defendants: (1) BP Products North America Inc.; (2) BP America Production Company; (3) Atlantic Richfield Company; (4) Chevron, U.S.A, Inc.; (5) Texaco Exploration and Production Inc.; (6) Texaco Producing, Inc.; (7) Gulf Oil Corporation; (8) Gulf Oil Exploration and Production Company; (9) Standard Oil Company; (10)

---

[1] *See* Exhibit "1," at Plaintiff's Petition for Damages.
[2] *See id.* at § VI. ¶¶ 29-30.

Standard Oil Company, Inc.; (11) Standard Oil Company of California, Inc.; (12) Chevron U.S.A. Holdings, Inc.; (13) Union Oil Company of California and/or (14) Union Exploration Partners, LTD.; (15) Unocal Corporation; (16) The Pure Oil Company; (17) The Pure Oil Operating Company; (18) Marathon Oil Company (hereinafter "Marathon"); (19) OXY USA Inc. (hereinafter "Oxy"); (20) Devon Energy Production Company, L.P. (hereinafter "Devon"); and (21) OFS, Inc.

3.

BP and Atlantic Richfield were served with their respective Citations and the Petition for Damages in this matter on February 6, 2023. The only other parties who have been served at the time of filing this Notice of Removal are Marathon, Devon, and Oxy.[3]

4.

This Notice of Removal is being filed within thirty days of service of a copy of Plaintiff's Petition for Damages and Citation on BP and Atlantic Richfield, (the "Removing Defendants"); therefore, this removal is within, and is not precluded by, the removal period provided by 28 U.S.C. § 1446.

5.

This Court has subject matter jurisdiction over this action and all claims asserted against the Defendants pursuant to its diversity of citizenship jurisdiction, because complete diversity exists between the parties properly joined and served (Plaintiff is a citizen of Louisiana, and the properly joined and served Defendants are, collectively, citizens of Maryland, Illinois, Delaware, Ohio, Oklahoma, and Texas). The only non-diverse Defendant, OFS, Inc., has not yet been served;

---

[3] Marathon, Devon, and Oxy were also served on February 6, 2023. Service was withheld on the other named defendants. *See* Exhibit "1," at 24th JDC Case Docket Sheet for Civil Action No. 836747, Plaintiff's Petition for Damages (Service Instructions at pp. 12-13 of the Petition), and Citations.

3

and, even if service were to be effectuated, OFS, Inc. has been improperly joined as a Defendant in this matter. 28 U.S.C. §§ 1332 and 1441(a) and (b).

## II. <u>ALL REMOVAL PRE-REQUISITES ARE SATISFIED</u>

1.

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Removing Defendants submit that this action satisfies all of the prerequisites for removal to this Court, including that the Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and Uniform Local Rules of the District Courts.

2.

Venue for removal purposes is proper under 28 U.S.C. § 1441(a) because this Court is "the district court of the United States for the district and division" within which the state court action is pending.[4] The judicial district court where Plaintiff filed her Petition for Damages (the Twenty-Fourth Judicial District Court for the Parish of Jefferson) is located within the Eastern District of Louisiana.[5] Therefore, venue is proper pursuant to 28 U.S.C. § 1441(a). No previous application has been made for relief requested herein.

3.

Pursuant to 28 U.S.C. § 1446, Removing Defendants include, attached hereto as Exhibit "1," a copy of the state court record, as of March 8, 2023, which includes "a copy of all process, pleadings, and orders served" in this action. To the extent there is any additional information, Removing Defendants will promptly supplement this Notice of Removal upon receipt.

---

[4] *See* 28 U.S.C. § 98(a).
[5] *See id.*

4.

Under 28 U.S.C. § 1446(b)(1), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Removing Defendants received the Petition for Damages and citation on February 6, 2023.[6] Thus, this Notice of Removal is timely filed in accordance with Section 1446(b)(1).

5.

Pursuant to 28 U.S.C. § 1446(b)(2)(A), "all defendants who have been properly joined and served" in this action have joined in the removal of this action to federal court.[7] As explained by this Court, "a removing party need not obtain the consent of a co-defendant that the removing party contends is improperly joined."[8] Moreover, the removing defendant need not even explain the absence of consent in its notice of removal when it contends that the other defendant(s) is improperly joined.[9] As set forth below, OFS, Inc. is an irrelevant entity that was improperly joined to this litigation. Its consent to removal is thus not required under the law.

6.

In accordance with 28 U.S.C. § 1446(d), Removing Defendants certify that, promptly after filing this Notice of Removal, copies of the notice will be served on all parties and filed with the Clerk of Court of the Twenty-Fourth Judicial District Court for the Parish of Jefferson, Louisiana.

---

[6] *See* Exhibit "1," at Citations.

[7] *See id.*

[8] *See, e.g., Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007) (citing *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993)); *Poole v. Western Gas Resources, Inc.*, CIV.A. 97-2929, CIV.A. 97-3035, 1997 WL 722958, at *2 (E.D. La. Nov. 18, 1997); *Mones v. BP America, Inc.*, No. 11-996, 2011 WL 3320814, at *2, *4 (E.D. La. Aug. 1, 2011).

[9] *Jernigan*, 989 F.2d at 815; *Lowry v. Total Petrochemicals & Ref. USA, Inc.*, CV 18-0864, 2018 WL 5931146, at *2 (W.D. La. Oct. 26, 2018), *report and recommendation adopted*, CV 18-0864, 2018 WL 5931111 (W.D. La. Nov. 13, 2018).

The notice in the state action will be in the form of the Notice of Filing of Notice of Removal, a draft of which is attached hereto as Exhibit "2."

7.

This case is removable under 28 U.S.C. §§ 1332 and 1446. Removing Defendants fully reserve their rights, including but not limited to all available arguments in support of removal; any available defenses, including those permitted by Rule 12 of the Federal Rules of Civil Procedure; all other jurisdictional, procedural, and venue defenses; and defenses to the merits of this action. Moreover, Removing Defendants reserve the right to supplement or amend this Notice of Removal.

### III. COMPLETE DIVERSITY & MINIMUM AMOUNT IN CONTROVERSY REQUIREMENTS ARE SATISFIED

This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, which provides federal district courts with concurrent original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different states…" A civil action removable based on diversity of citizenship under 28 U.S.C. § 1332(a) "may not be removed if any of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought."[10] Therefore, only those defendants that are "properly joined and served" are considered when determining citizenship of the parties for purposes of removal.[11] Removal is proper in this matter because there is complete diversity among the parties properly joined and served, and the jurisdictional amount is met.

---

[10] 28 U.S.C. § 1441(b)(2) (emphasis added).
[11] *Id.*; *see also Williams v. Boyd Racing LLC*, 2:15-CV-2673, 2016 WL 236993, at *3 (W.D. La. Jan. 19, 2016); *Gorman v. Schiele*, 2016 WL 3583640 at *5-6 (M.D. La. 2016), *report and recommendation adopted*, CV 15-00790-BAJ-EWD, 2016 WL 3580669 (M.D. La. June 28, 2016).

A.  **Diverse Citizenship of Plaintiff and the Joined and Served Defendants**[12]

1.

Plaintiff in this matter is Angel Cline, individually and on behalf of decedent, William Cline, is alleged to be a domiciliary Louisiana.[13] When determining citizenship for the purposes of diversity jurisdiction, the term citizenship is synonymous with the term domicile.[14]

2.

BP Products North America Inc., individually and as successor in interest to Amoco Oil Company and The American Oil Company, is incorporated in the State of Maryland, with its principal place of business in Illinois. BP Products North America Inc. is therefore (and was at the time of filing of the state court action) a citizen of Maryland and Illinois for purposes of federal diversity jurisdiction. Plaintiff concedes that BP Products North America Inc. is a foreign corporation. *See* Exhibit "1," at Plaintiff's Petition for Damages at § I ¶ (B)(a)(i).

3.

BP America Production Company, individually and as successor in interest to Amoco Production Company, Pan American Petroleum Corporation, Stanolind Oil and Gas Company, and Vastar Resources, Inc., is a Delaware corporation, with its principal place of business in Texas. BP America Production Company is therefore (and was at the time of filing of the state court

---

[12] Defendants are made up of corporations, limited liability companies, and other entities. For removal, a corporation is a citizen of both its state of incorporation and the state where its principal place of business is located. *PGS USA, LLC v. Popi Trading, Inc.,* CV 16-6669, 2016 WL 4261726, at *2 (E.D. La. 2016). On the other hand, unincorporated associations, such as limited liability companies and limited partnerships are citizens of the state of each member of the association. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077 (5th Cir. 2008).

[13] *See* Exhibit "1," Petition for Damages, § I. ¶ (A)(1).

[14] *Martin v. Lafon Nursing Facility of the Holy Family, Inc.,* 548 F. Supp. 2d 268, 273 (E.D. La. 2008) (citing *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954)).

action) a citizen of Delaware and Texas for purposes of federal diversity jurisdiction. Plaintiff concedes that BP America Production Company is a foreign corporation. *See id.* at § I ¶ (B)(a)(iv).

4.

Atlantic Richfield Company is a Delaware corporation with a principal place of business in Texas. Atlantic Richfield Company is therefore (and was at the time of filing of the state court action) a citizen of Delaware and Texas for purposes of federal diversity jurisdiction. Plaintiff concedes that Atlantic Richfield Company is a foreign corporation. *See id.* at § I ¶ (B)(a)(iv).

5.

Marathon Oil Company is an Ohio corporation with a principal place of business in Texas. Marathon Oil Company is therefore (and was at the time of filing of the state court action) a citizen of Ohio and Texas for purposes of federal diversity jurisdiction. Plaintiff concedes that Marathon Oil Company is a foreign corporation. *See id.* at § I ¶ (B)(a)(iii).

6.

Devon Energy Production Company, L.P. is a limited partnership with two partners: DVN Operating Company, L.L.C. (general partner) and Devon OEI Operating, L.L.C. (limited partner). The sole member of DVN Operating Company, L.L.C. is Devon OEI Operating, L.L.C. The sole member of Devon OEI Operating, L.L.C. is Devon OEI Holdings, L.L.C. The sole member of Devon OEI Holdings, L.L.C. is Devon Energy Corporation (Oklahoma), which is an Oklahoma corporation with its principal place of business in Oklahoma. Thus, Devon is now and was at the time of filing of the state court action, a citizen of Oklahoma for purposes of federal diversity jurisdiction. Plaintiff concedes that Devon is a foreign partnership. *See id.* at § I ¶ (B)(a)(vi).

7.

OXY USA Inc. is a Delaware corporation, with its principal place of business in Texas. OXY USA Inc. is therefore (and was at the time of filing of the state court action) a citizen of Delaware and Texas for purposes of federal diversity jurisdiction. Plaintiff concedes that OXY USA Inc. is a foreign corporation. *See id.* at § I ¶ (B)(a)(v).

**B.  Improper/Fraudulent Joinder of OFS, Inc.**

1.

The only in-state defendant that Plaintiff named in her petition is OFS, Inc.[15] OFS, Inc. has not been served because Plaintiff has not requested service on OFS, Inc.[16] However, even if OFS, Inc. were to be served, the citizenship of OFS need not be considered because this entity was not properly joined and because there is no reasonable basis for the Court to find that Plaintiff will be able to recover against this defendant.

2.

A defendant may seek removal by showing that a defendant was improperly joined.[17] Improper or fraudulent joinder may be established by actual fraud in the pleading or jurisdictional facts, or by an inability of the plaintiff to establish a cause of action against a defendant in state court.[18] Because the Removing Defendants do not allege any fraud of Plaintiff, the relevant question under the law is whether the Removing Defendants "ha[ve] demonstrated that there is no

---

[15] *See* Exhibit "1" at Plaintiff's Petition for Damages § I ¶ (B)(b)(i).
[16] *See* Exhibit "1" at 24th JDC Case Docket Sheet for Civil Action No. 836747, Plaintiff's Petition for Damages (Service Instructions at pp. 12-13 of the Petition), and Citations.
[17] *Smallwood v. Il. Central R.R. Co.*, 352 F.3d 220, 222 (5th Cir. 2003).
[18] *McKee v. Kansas City Southern Railway Co.*, 358 F.3d 239, 333 (5th Cir. 2004).

possibility of recovery" by the plaintiff against the non-removing defendants.[19] There must be a

reasonable possibility of recovery against a defendant, not just a theoretical one.[20]

3.

A court should ordinarily resolve whether a party has been improperly joined by

conducting a Federal Rules of Civil Procedure Rule 12(b)(6)-type analysis, looking initially at the

allegations of the complaint to determine whether the complaint states a claim under state law

against the instate defendant.[21] Where a plaintiff has stated a claim, but has misstated or omitted

discrete and undisputed facts that would preclude recovery, the court may, in its discretion, pierce

the pleadings and conduct a summary inquiry.[22]

4.

Plaintiff alleges that while working in pipe-yards, including the OFS facility in Harvey,

Louisiana, her husband was exposed to oilfield generated radioactivity, also referred to as

NORM.[23] Plaintiff alleges that her husband's exposure was between 1997 and 2011.[24] However,

OFS did not clean any used pipe after 1987.[25] In *Coleman v. H.C. Price*, the plaintiffs alleged

exposure to NORM between 1988 and 1992.[26] OFS submitted competent summary judgment

evidence that it did not clean any used pipe after 1987, and thus could not be held liable for the

---

[19] *Janke v. Babcock Co., Inc.*, 2012 WL 1499292, at *2 (E.D. La. Apr. 27, 2012).
[20] *Ross v. CitiFinancial, Inc.*, 344 F.3d 458, 462 (5th Cir. 2003); *see also Smallwood*, 385 F.3d at 573 (the proper test to be applied in evaluating improper joinder is "whether the defendant has demonstrated that there is… no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant").
[21] *Janke*, 2012 WL 1499292, at *2 (E.D. La. Apr. 27, 2012) (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)).
[22] *Id.*
[23] Exhibit "1" at Plaintiff's Petition for Damages at § III ¶¶ (1)-(6).
[24] *Id.*
[25] *See* Exhibit "3;" *see also Coleman, et al. v. H.C. Price, et al.*, 2014 WL 4354443, at *9 (E.D. La. Sept. 2, 2014) (a copy of which is attached as Exhibit "4").
[26] *Id.*

plaintiffs' claims against it.[27] OFS's affidavit, which was attached to its memorandum in support of its Motion to Dismiss/Motion for Summary Judgment in *Coleman*, is attached hereto as Exhibit "3."

5.

In *Coleman*, the plaintiffs failed to present any evidence to create a genuine issue of fact, and this Court dismissed the plaintiffs' claims against OFS.[28] As demonstrated by *Coleman*, the Plaintiff in this matter has no reasonable basis for recovery against OFS. OFS did not clean any used pipe after 1987, and Plaintiff alleges that her husband's alleged exposure was between 1997 and 2011.[29] Without any evidence to establish that OFS cleaned used pipe during the period of alleged exposure, Plaintiff's claim against OFS will be dismissed. Thus, there is no reasonable basis for recovery against OFS, Inc., and OFS, Inc. was improperly joined in this suit.

C. **The Amount in Controversy Exceeds $75,000, exclusive of interest and costs.**

1.

When a plaintiff alleges an indeterminate amount of damages, the Fifth Circuit requires the removing defendant to prove be a preponderance of the evidence that the amount in controversy exceeds $75,000.[30] Although Plaintiff pleads no specific amount of damages, Plaintiff seeks past and future compensatory damages for physical and mental anguish, past medical expenses, mental pain and suffering, loss of companionship, loss of enjoyment of life, loss of income, and loss of wages.

---

[27] *Id.*
[28] *Id.*
[29] *Id.*; *see also* Exhibit "1" at Plaintiff's Petition for Damages at § III ¶¶ (1).
[30] *Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

2.

As a matter of law, it is clear from the face of the petition that the nature and extent of Plaintiff's allegations contemplate damages in excess of $75,000.[31] The Court may also look to the amount recovered in similar cases to determine whether the amount in controversy will meet the jurisdictional limit.[32] Similar cases in Louisiana reveal that plaintiffs making similar allegations have recovered damages in excess of $75,000.[33] While Removing Defendants admit neither liability nor any element of damages, under the law of this circuit, Removing Defendants have met their burden of showing the amount in controversy is in excess of $75,000.

## IV. <u>CONSENT TO REMOVAL BY PROPERLY JOINED AND SERVED CO-DEFENDANTS</u>

1.

Marathon Oil Company has consented to the removal of this lawsuit. *See* Notice of Consent attached hereto as Exhibit "5."

2.

Devon Energy Production Company, L.P has consented to the removal of this lawsuit. *See* Notice of Consent attached hereto as Exhibit "6."

---

[31] *See, e.g., Robertson v. Chevron U.S.A., Inc.*, 15-CV-0874, 2017 WL 679406, at *2 (E.D. La. Feb. 21, 2017) (finding the amount in controversy exceeded the jurisdictional minimum of $75,000 based on plaintiffs' request for damages for personal injuries and property damage from their allege exposure to naturally occurring radioactive material from scale that was removed from used oil field pipe as part of oil and gas operations that occurred in Harvey, Louisiana.).

[32] *See Marcel v. Pool Co.*, 5 F.3d 81, 82-83 (5th Cir. 1993).

[33] *See, e.g., Oleszkowicz v. Exxon Mobil Corp.*, 156 So. 3d 645, 646 (La. 2014) (awarding Mr. Oleszkowicz $850,000 for exposure to NORM/TENORM); *see, e.g., Lester v. Exxon Mobil Corp.* No. 2002-19657, 2012 WL 11967075, at *1 (La. Civ. D. Ct. Aug. 1, 2012) (awarding Plaintiffs $150,000 to $350,000 for increased risk of cancer as a result of exposure to NORM associated with the cleaning of used oilfield pipe at pipe yards in Harvey, Louisiana).

3.

OXY USA Inc. has consented to the removal of this lawsuit. *See* Notice of Consent attached hereto as Exhibit "7."

4.

Consent of the improperly joined defendant, OFS, Inc., as well as the other defendants who have not yet been served, is not necessary. *See* 28 U.S.C. 1446(b)(2)(A) ("all defendants who have been ***properly joined and served*** must join in or consent to the removal of the action") (emphasis added).

**WHEREFORE,** BP Products North America Inc., BP America Production Company, and Atlantic Richfield Company pray that further proceedings in the Twenty-Fourth Judicial District Court for the Parish of Jefferson be discontinued and that this action be recognized as removed to and pending on the docket of the United States District Court for the Eastern District of Louisiana, as the law in such cases provides.

Respectfully submitted,

*/s/ Lauren R. Bridges*
**LISKOW & LEWIS**
Michael P. Cash (Bar No. 31655)
Wade T. Howard (Bar No. 32041)
1001 Fannin Street, Suite 1800
Houston, TX 77002-6756
Telephone: (713) 651-2900
Facsimile: (713) 651-2908
mcash@liskow.com
wthoward@liskow.com

Mark L. McNamara (Bar No. 25170)
Lauren R. Bridges (Bar No. 34460)
701 Poydras Street, Suite 5000
New Orleans, LA 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108
mlmcnamara@liskow.com
lbridges@liskow.com

Nena M. Eddy (Bar No. 38729)
450 Laurel Street, Suite 1601
Baton Rouge, Louisiana 70801
Telephone: (225) 341-4660
Facsimile: (225) 341-5653
nmeddy@liskow.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 8, 2023, a copy of the foregoing pleading was filed

electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent

to all counsel of record by operation of the court's electronic filing system and/or U.S. Mail.

*/s/ Lauren R. Bridges*

15